J-A14019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEVEN KAHLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEHIGH VALLEY HEALTH NETWORK, | : | No. 1537 EDA 2022 |
| INC. AND LEHIGH VALLEY HOSPITAL, | : | |
| INC. | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHNNY SHEA-YUAN CHUNG, M.D., | : | |
| JOHNNY CHUNG, M.D., P.C., AND | : | |
| AESTHETIC SURGERY ASSOCIATES, | : | |
| LLP | : | |

Appeal from the Order Entered June 8, 2022
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2018-C-0125

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 30, 2023**

Appellant, Steven Kahlon, appeals from the June 8, 2022 Order entered in the Lehigh County Court of Common Pleas which rendered final and appealable the court's May 13, 2023 order granting the motion for summary judgment filed by Lehigh Valley Health Network, Inc. and Lehigh Valley

Hospital, Inc. (collectively, "LVHN").[1]   Appellant challenges the entry of summary judgment in favor of LVHN.  After careful review, we affirm.

This appeal pertains to allegations made by Appellant that LVHN permitted one of Appellant's former business partners, Dr. Johnny Chung ("Chung"), who was a doctor affiliated with LVHN, to access and disseminate Appellant's private medical records to other parties with whom Appellant had actual and prospective business dealings.  Appellant claimed that Chung's actions caused Appellant to suffer financial losses.  The relevant facts and procedural history are as follows.

Chung, Thomas Bartolacci ("Bartolacci"), and Appellant were equal partners in Diamond Luxury Motors, LLC.  Appellant was the managing member of the partnership; Chung and Bartolacci were silent partners.  In 2013 or 2014, Diamond Luxury Motors, LLC purchased a Toyota dealership from Frederick Laurenzo ("Laurenzo").  In early 2016, Appellant's business relationship with Chung and Bartolacci soured, resulting in Chung and Bartolacci suing Appellant for fraud and mismanagement and Appellant resigning as managing partner.

---

[1] The May 13, 2023 Order also addressed the motion for summary judgment filed by Johnny Shea-Yuan Chung, M.D., Johnny Chung, M.D., and Aesthetic Surgery Associates, LLP (collectively "Additional Defendants") by dismissing it in part as moot and denying it in part.

**The 2016 Agreement**

In mid-2016, prior to his resignation of as managing partner of Diamond Luxury Motors, LLC, Appellant and Laurenzo began separately negotiating Appellant's purchase of another of Laurenzo's car dealerships, Frederick Chevrolet, and certain real estate related thereto. On July 22, 2016, Appellant and Laurenzo signed a Stock and Real Estate Purchase Agreement for Frederick Chevrolet and its associated real estate (the "2016 Agreement"). The 2016 Agreement set a closing date of July 29, 2016, and expressly stated that it "cannot be amended orally but only by a writing executed by the parties." 2016 Agreement, 7/22/16, at ¶¶ 6, 14(e). The 2016 Agreement also contained an integration clause providing that the 2016 Agreement "contain[s] the entire Agreement of the parties and supersede[s] and replace[s] all prior agreements of understandings of the parties, whether written or oral, relating to the subject matter of this Agreement." *Id.* at 14(f).

Appellant sought, but was unable to obtain, financing to complete the purchase by the July 29, 2016 closing date. On August 23, 2016, counsel for Laurenzo informed Appellant's counsel in writing that the original closing date had passed and warned that "if closing does not occur on or before August 31, 2016, we will consider your client to have breached the Agreement and will proceed accordingly." Letter, 8/23/16. Closing did not occur on or before August 31, 2016.

On September 7, 2016, counsel for Laurenzo sent a second letter to Appellant's counsel again extending the deadline for closing on the

Agreement. Counsel explained that, in exchange for Appellant's payment of $200,000, Laurenzo would extend the closing date to September 23, 2016. Appellant paid Laurenzo $200,000 to extend the closing deadline but was still unable to secure financing to close on the 2016 Agreement to purchase Frederick Chevrolet by September 23, 2016.[2] In fact, Appellant never closed as expected.

**Appellant's Health Problems and Disclosure of his Private Health Information**

In mid-2016, while negotiating the 2016 Agreement, Appellant began experiencing health problems, which resulted in periodic, short hospitalizations and travel to see specialists. Appellant's symptoms worsened throughout the year and, on September 15, 2016, Chung—who had previously treated Appellant, was an affiliated provider of LVHN, and had hospital privileges at Lehigh Valley Hospital-Cedar Crest and Lehigh Valley Hospital-Muhlenberg—admitted Appellant with complaints of, among other things, severe abdominal pain. Ultimately, Appellant spent from December 7, 2016, to April 1, 2017, hospitalized, first at Lehigh Valley Hospital-Muhlenberg and then at Lehigh Valley Hospital-Cedar Crest. On December 16, December 20,

---

[2] Subsequently, Laurenzo filed a breach of contract action against Appellant for Appellant's breach of the 2016 Agreement and obtained an $8.4 million default judgment against Appellant.

- 4 -

and December 26, 2016, Appellant designated Chung and Bartolacci as individuals not permitted to visit him during his hospitalizations.

Through his affiliation with LVHN, Chung had access to LVHN's electronic medical records ("EMR") system. On February 2, February 7, and February 9, 2017, Chung, who was not treating Appellant, accessed Appellant's EMR.

On February 9, 2017, Chung entered Appellant's hospital room, verbally threatened him regarding their business dealings, and attempted to force Appellant to sign documents transferring his ownership interests in Diamond Luxury Motors, LLC to Chung. When Appellant's then-girlfriend and father asked nursing staff to call security to remove Chung from Appellant's room, staff refused. That same day, Appellant notified LVHN that Chung had unlawfully accessed his EMR.

Chung further accessed Appellant's EMR 14 times between April and July 2017, viewing more than 300 records. During that same period, Appellant's then-girlfriend and his father contacted LVHN employees at least 30 times regarding Chung's improper review of Appellant's EMR. On September 19, 2017, LVHN's privacy officer wrote Appellant a letter confirming that Chung had inappropriately accessed Appellant's EMR and private health information ("PHI") on 12 occasions between February and June 2017. LVHN later confirmed four additional instances of Chung's inappropriate access to Appellant's EMR.

**The 2018 Agreements**

- 5 -

In early 2018, Appellant entered into two different contracts with Laurenzo: an Asset Purchase agreement to acquire the assets of Frederick Chevrolet and a Real Estate Purchase Agreement (the "2018 Agreements"). The 2018 Agreements were new and materially different from the 2016 Agreement in terms of structure, purchase price, and parties. The 2018 Agreements set a closing date of April 2, 2018, contained an integration clause, and required any changes to it be made in writing. Appellant was again unable to secure financing and the closing date passed.[3]

**Appellant Commenced the Instant Litigation**

On March 16, 2018, Appellant filed a Complaint against LVHN asserting claims of Breach of Patient Confidentiality, Negligence, Negligence *Per Se*, Negligent Entrustment, and Violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). In essence, Appellant claimed that, as a result of LVHN's failure to stop Chung's unauthorized access to Appellant's electronic medical records, Chung and Bartolacci engaged in a plan to, and in fact did, spread false information about Appellant's health to potential lenders to discourage them from financially backing Appellant's purchase of Frederick Chevrolet and the associated real estate. Appellant also alleged that he lost other business opportunities, including the ability to purchase three motorcycle dealerships over which negotiations began in 2016. Appellant

---

[3] Laurenzo sold Frederick Chevrolet and its related real estate to unrelated third parties in 2019.

claimed that LVHN's negligence resulted in $20 to $30 million in business losses.

On April 24, 2018, LVHN filed an Answer with New Matter. Three weeks later, LVHN filed a Complaint to Join Additional Defendants against Johnny Shea-Yuan Chung, M.D., Johnny Chung, M.D., and Aesthetic Surgery Associates, LLP asserting claims of Breach of Patient Confidentiality, Assault, Breach of Contract, Indemnification and Contribution, and Contractual Indemnification. On May 15, 2018, LVHN filed an Amended Answer with New Matter to Appellant's complaint.

On May 31, 2018, Appellant filed Preliminary Objections to LVHN's Amended Answer and, on August 6, 2018, Appellant filed a Reply to LVHN's New Matter.

On February 7, 2019, Additional Defendants filed an answer with new matter to LVHN's joinder complaint and a counterclaim for contribution and indemnification against LVHN.

On April 8, 2019, Appellant filed an amended complaint against LVHN reasserting the five claims he pleaded in his initial complaint and adding claims for Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations. Appellant did not assert any claims against Additional Defendants.

The next day, LVHN filed preliminary objections to the tortious interference claims in the amended complaint. Following briefing and argument of the parties, the trial court sustained the preliminary objections

and struck Appellant's Tortious Interference with Contractual Relations and Tortious Interference with Prospective Contractual Relations claims. On September 5, 2019, LVHN filed an Answer with New Matter to the Amended Complaint.

On September 11, 2019, LVHN filed its Second Amended Complaint to Join Additional Defendants and asserted causes of action for Breach of Patient Confidentiality, Assault, Breach of Contract, Indemnification and Contribution, and Contractual Indemnification against Additional Defendants. On September 23, 2019, Additional Defendants filed an answer with new matter and again asserted a counterclaim against LVHN for contribution and indemnification.

On September 25, 2019, Appellant filed his answer to LVHN's new matter.

**LVHN's Motion for Summary Judgment**

The parties engaged in extensive discovery, following which the LVHN and the Additional Defendants filed motions for summary judgment.[4] Relevant to the instant appeal, LVHN asserted in its motion that Appellant could not meet his burden to establish causation because the alleged negligence and misconduct of LVHN and Additional Defendants did not

_____

[4] On March 24, 2021, prior to the parties' filing motions for summary judgment, the trial court dismissed with prejudice Appellant's claim for violation of the UTPCPL. Thus, only his Breach of Patient Confidentiality, Negligence, Negligence *Per Se*, Negligent Entrustment claims remained before the trial court. Appellant has not appealed the dismissal of these claims.

proximately cause his financial loss. LVHN also argued that summary judgment was appropriate because Appellant's causes of action for Breach of Patient Confidentiality, Negligent Entrustment, and Negligence *Per Se* fail as a matter of law.

On September 21, 2021, the court held a hearing on the parties' motions for summary judgment. After considering the evidence and arguments submitted at the hearing, as well as the complete deposition testimony of 12 witnesses, on May 13, 2022, the trial court granted LVNH's motion for summary judgment and dismissed Additional Defendants motion for summary judgment as moot.[5] The trial court determined, *inter alia*, that, as a matter of law, LVHN's alleged negligent acts did not cause the damages allegedly incurred by Appellant because the 2016 Agreement expired on July 26, 2016, prior to Chung's alleged inappropriate access to Appellant's EMR and LVHN's knowledge of the inappropriate access. As a result, Appellant's right to purchase Frederick Chevrolet expired on July 26, 2016, and the unauthorized access to Appellant's medical records in February 2017, could not have affected Appellant's right to purchase Frederick Chevrolet.

The trial court also found that Appellant's claims failed as a matter of law because: (1) Pennsylvania has not extended the cause of action for breach of physician-patient confidentiality to impose liability on a hospital or health

---

[5] On June 8, 2022, the trial court entered an order approving of a proposed stipulation of the parties to dismiss LVHN's second amended complaint to join Additional Defendants. This order resolved all outstanding claims against all parties, thus, rendering the court's May 13, 2022 Order final and appealable.

care network arising from a physician's accessing an EMR without authorization; (2) Appellant failed to plead with the requisite specificity facts regarding the 2018 Agreements and how LVHN's purported negligence prevented those agreements from being finalized; and (3) Appellant failed to produce evidence sufficient to support and prove the factual averments pertaining to the lost opportunity to purchase the motorcycle businesses.

This timely appeal followed. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925 statement. The trial court filed a Rule 1925(a) opinion directing this court to its May 13, 2022 Memorandum Opinion.

Appellant raises the following issues on appeal:

1. Can a contract of sale—which has a date set for closing and which provides that it can only be amended in writing signed by both parties—be amended for extensions by letters from one party's attorney and orally by both parties such that the contract remains extant when closing does not take place by the written closing date?

2. Does Pennsylvania recognize a common law claim for breach of patient confidentiality and may such a claim be brought against a health care facility, as opposed to only a physician?

Appellant's Brief at 5.

## A.

Our Supreme Court has clarified our role as the appellate court as follows:

On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of

- 10 -

law, we shall review the grant of summary judgment in the context of the entire record.

**Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010) (citations omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Id.** (citation omitted); **see also** Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." **Summers**, 997 A.2d at 1159. "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." **Id.** (citation and internal quotation marks omitted).

**B.**

Appellant avers that the trial court first erred in determining that the 2016 Agreement had expired by its terms prior to Chung's unauthorized access to and alleged dissemination of Appellant's PHI to potential financing partners. Appellant's Brief at 28-43. Appellant then argues that the trial court erred in concluding that LVHN's purported negligence in 2017 did not cause Appellant to lose the right to purchase Frederick Chevrolet when the 2016 Agreement failed. **Id.** Appellant argues that, in fact, Laurenzo and Appellant

had extended the closing date of the 2016 Agreement twice when Laurenzo's attorney sent two letters to Appellant's attorney with two specific closing dates and, ultimately, indefinitely by way of an alleged oral agreement whereby Laurenzo gave Appellant an unlimited extension until he could get financing. *Id.* at 29-30.  This argument is unavailing.

Appellant's issue requires us to consider and interpret the terms of the 2016 Agreement.  Because contract interpretation is a question of law, our standard of review is *de novo*, and the scope of review is plenary.  ***Ragnar Benson Inc. v. Hempfield Twp. Mun. Auth.***, 916 A.2d 1183, 1188 (Pa. Super. 2007). Our Supreme Court has set forth the principles governing contract interpretation as follows:

> The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties.  In cases of a written contract, the intent of the parties is the writing itself.  Under ordinary principles of contract interpretation, the agreement is to be construed against its drafter. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. . . . While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.

***Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.***, 905 A.2d 462, 468-69 (Pa. 2006) (citations omitted).

Here, the 2016 Agreement clearly and unambiguously required that closing must take place on or before July 29, 2016.  2016 Agreement at ¶ 6. Closing on the 2016 Agreement indisputably did not take place on or before July 29, 2016.  Moreover, the 2016 Agreement also clearly and unambiguously

provided that it "cannot be amended orally but only by a writing executed by both parties." 2016 Agreement at ¶ 14(e).

Appellant has provided no evidence demonstrating that both he and Laurenzo agreed in writing to extend the closing date beyond the date set in the 2016 Agreement as required to amend the 2016 Agreement. Thus, because the 2016 Agreement required any amendments to be in writing and signed by both parties, and expressly prohibited oral amendments, neither the letters sent by Laurenzo's counsel to Appellant purporting to extend the closing date, nor the alleged oral agreement between Appellant and Laurenzo to do the same, had any legal effect. The 2016 Agreement, thus, expired on July 29, 2016.

Since the 2016 Agreement expired on July 29, 2016, when Appellant failed to obtain financing, we conclude the trial court properly found that Appellant could not prove a causal relationship between any alleged negligence by LVHN with respect to Chung's 2017 unauthorized access to Appellant's EMR and Appellant's claim that the unauthorized disclosure caused him to lose the legal right to purchase Frederick Chevrolet granted to him by the 2016 Agreement. Thus, the court correctly entered summary judgment in favor of LVHN on Appellant's negligence claim and Appellant is not entitled to relief.[6]

---

[6] Appellant has not raised any challenge to the trial court's conclusions regarding the 2018 Agreements and Appellant's alleged lost business opportunities with respect to the motorcycle dealerships. We, thus, need not address them.

## C.

In his second issue, Appellant claims that the trial court erred in entering summary judgment on his breach of patient confidentiality claim after the court concluded that Pennsylvania permits a plaintiff to bring such a tort claim only against a physician and not against a health care facility like LVHN. Appellant's Brief at 44-57. In light of our disposition of Appellant's first issue— that Appellant failed to demonstrate the existence of a causal relationship between LVHN's alleged negligence and Appellant's damages—we need not address the merits of this claim because, even if Pennsylvania law permitted Appellant to assert this cause of action against LVHN, he would still be unable to prove causation, *i.e.*, that the unauthorized disclosure of Appellant's medical information caused him to lose the right to purchase Frederick Chevrolet.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/30/2023*